Filed 12/7/23  P. v. Prince CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B319849 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA009207) |
| v. | |
| THOMAS RAVON PRINCE, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County. David W. Stuart, Judge.  Affirmed.

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael C. Keller and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

# INTRODUCTION

Thomas Ravon Prince was convicted of first degree murder, with a true finding on the special circumstance of robbery, and second degree robbery in 1993. The jury also found Prince used a firearm during the commission of both offenses. Prince received a sentence of life imprisonment without the possibility of parole. This court affirmed his convictions on direct appeal in *People v. Prince* (June 17, 1994), B075641 (non-pub. opn.).

In 2021 Prince petitioned for resentencing under Penal Code section 1170.95,[1] now section 1172.6,[2] and requested appointment of counsel. The superior court appointed counsel and set a hearing to assess Prince's prima facie showing under the statute in 2022. The People opposed resentencing, arguing Prince was the "actual killer," relying on the factual summary in this court's opinion deciding Prince's direct appeal, among other evidence. Prince's appointed counsel did not file any argument or evidence supporting the petition, and at the hearing "submitt[ed] on the People's response and the Court of Appeal decision." The superior court denied the petition, ruling that Prince failed to make a prima facie showing he was eligible for relief under the statute because he was the "actual killer."

Prince appeals arguing the superior court improperly considered the factual summary from our prior appellate opinion. We affirm.

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    On June 30, 2022 the Legislature renumbered section 1170.95 without substantive change; it is now section 1172.6. (See *People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.)

# FACTUAL AND PROCEDURAL BACKGROUND

A.   *The Facts at Prince's Murder Trial*

In June 1992 Prince was charged by information with first degree murder (§ 187, subd. (a)), with the special circumstance allegation that the murder was committed during the commission of robbery (§ 190.2, subd. (a)(17)). Prince was also charged with second degree robbery. (§ 211). The information alleged Prince used a firearm in the commission of both offenses.[3] (§ 12022.5, subd. (a).)

Prince proceeded to trial. At trial, the People introduced evidence Prince and another man, Ricky Simuel, robbed a jewelry store and fatally shot the owner, Norm Schumow.[4] Arriving in a stolen white Oldsmobile Cutlass sedan, Prince and his accomplice entered The House of Time Jewelry Store. Prince held a gun; the other man held a sledgehammer. The store manager, Donald Everette, moved to sound the store alarm, but Prince told him to stop and ordered everyone in the store to get on the ground. The other robber smashed the jewelry case open with the sledgehammer. As Schumow moved to the front of the store, Prince told Schumow, "I'm not kidding. Get down on the ground," and gunshots rang out. Schumow died of gunshot wounds. Another bystander to the robbery, Mollie Kallick, was shot in the ribs and survived. Approximately $6,000 of jewelry was taken. Law enforcement found the white Oldsmobile Cutlass sedan

---

[3]   Prince was also charged with attempted murder, but this count was dismissed before conclusion of the trial.

[4]   We summarize the factual background from our previous opinion affirming Prince's convictions on direct appeal.

abandoned near the scene, and it contained a sledgehammer and other tools used in the robbery, but not the gun.

Several months later, a detective interviewed Prince, who claimed he did not know Simuel and that he entered the jewelry store to buy a wedding ring. Viewing stills from surveillance footage in the jewelry store, Prince ultimately admitted, "He [Schumow] rushed me. The gun went off. He grabbed me. He ran up on me." Prince also stated he threw the gun away.

B.    *The Jury Instructions*

The trial court instructed the jury on first degree murder (CALJIC No. 8.10), first degree felony murder (CALJIC No. 8.21), the special-circumstance allegation of murder during the course of a robbery (CALJIC Nos. 8.80.1, 8.81.17), personal use of a firearm in the commission of a felony (CALJIC No. 17.19), and aiding and abetting (CALJIC No. 3.00).

C.    *The Jury Convicts Prince of First Degree Murder*

The jury returned a guilty verdict on first degree murder and second degree robbery, finding the murder was committed during the commission of a robbery and Prince personally used a firearm in the commission of both offenses. Prince was sentenced to life imprisonment without the possibility of parole.

D.    *Prince's Petition for Resentencing*

In October 2021 Prince filed a petition for resentencing in pro per, under former section 1170.95, now section 1172.6. Prince checked the box declaring he was not the actual killer. The court appointed counsel for Prince.

In March 2022 the People filed their opposition arguing Prince was the actual killer. In support, the People submitted: (1) this court's 1994 opinion affirming Prince's convictions on appeal; (2) the jury instructions; (3) the sentencing transcript; and (4) the jury verdict. Recounting the factual summary from the appellate opinion, the People contended the record of conviction established as a matter of law that Prince actually killed Schumow.

Prince's counsel did not file any response or offer any argument supporting the resentencing petition.

On March 18, 2022 the superior court held a hearing on Prince's prima facie showing under section 1172.6. The following exchange took place at the hearing between the superior court, Prince's counsel, and the deputy district attorney:

[Prince's counsel]: "I'm submitting on the People's response and the Court of Appeal decision.

Court: "Okay. So the People's position is the defendant was the actual killer, and I guess he was the only one with a gun and he said the gun went off. And—is that correct, [deputy district attorney]?

[People]: "Yes.

Court: "And the defense . . . you are submitting on that?

[Prince's counsel]: "I am.

Court:    "All right.  Thank you.  So the petition is denied for failure to state a prima facie case."

In the minute order memorializing its decision, the superior court noted the petition was denied because "petitioner is the actual shooter,"[5] and "petitioner has failed to state [a] prima facie case."

Prince timely appealed.

## DISCUSSION

Prince's central argument on appeal is that his petition should not have been denied because the superior court improperly considered the facts in our prior appellate opinion. He also contends his trial counsel was ineffective under the Sixth Amendment and the California Constitution.

A. *Standard of Review*

We review de novo a denial of a section 1172.6 petition for failure to make a prima facie showing.  (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)  A denial at the prima facie stage "'"is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.'"'" (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)  We independently review the record to assess the superior court's denial of the petition as a matter of law.  (See *People v. Pickett* (2023)

---

[5] The court's full statement was:  "The court finds the petitioner is the actual shooter."  Prince makes no argument the superior court engaged in any improper factfinding.

6

93 Cal.App.5th 982, 989, review granted October 11, 2023, S281643.)

B.   *Legal Background*

In 2018 the Legislature enacted Senate Bill No. 1437, which "limited the scope of the felony-murder rule." (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)  As amended, section 189 now "require[s] that the perpetrator of a felony murder was either (1) the actual killer; (2) aided and abetted the killer with the intent to kill; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life." (*People v. Guillory* (2022) 82 Cal.App.5th 326, 330.)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended." (*People v. Strong* (2022) 13 Cal.5th 698, 708.)  Section 1172.6, formerly section 1170.95, "authorizes an individual convicted of murder based on . . . the felony-murder doctrine to petition the superior court to vacate the conviction and be resentenced on any remaining counts if the petitioner could not now be convicted of murder because of the changes made by the new law." (*People v. Pickett*, *supra*, 93 Cal.App.5th at p. 988.)

Section 1172.6 details the procedures for ruling on resentencing petitions.  First, a petitioner must file a facially sufficient petition for relief under section 1172.6, declaring he was convicted of murder but "could not presently be convicted" because of changes to the Penal Code made by Senate Bill No. 1437.  (§ 1172.6, subds. (a), (b); *People v. Pickett*, *supra*, 93 Cal.App.5th at p. 988.)  If the petition meets these requirements, section 1172.6, subdivisions (b) and (c), "require[]

7

the court to appoint counsel to represent the petitioner, if requested; to direct the prosecutor to file a response to the petition and permit the petitioner to file a reply; and to determine if the petitioner has made a prima facie showing that he or she is entitled to relief." (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 863; § 1172.6, subds. (b), (c).)  In their briefing, "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief." (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.)

Assessing the petitioner's prima facie showing, the court must accept the petitioner's factual allegations as true, unless the record contains facts ""'refuting the allegations made in the petition.'"" (*People v. Mancilla*, *supra*, 67 Cal.App.5th at p. 863.) The court should deny the petition for failure to state a prima facie case if "the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations," that the petitioner is ineligible for relief as a matter of law. (*People v. Lopez*, *supra*, 78 Cal.App.5th at p. 14; accord, *People v. Lewis*, *supra*, 11 Cal.5th at p. 966.)  If the petitioner does establish a prima facie showing for relief, "the court shall issue an order to show cause" why the petitioner should not be resentenced and hold an evidentiary hearing (§ 1172.6, subd. (c); *People v. Strong*, *supra*, 13 Cal.5th at pp. 708-709.)  The prima facie stage thus serves to "distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis*, at p. 971.)

Section 1172.6 also circumscribes the type of evidence that may be considered in a resentencing proceeding.  (See generally § 1172.6, subd. (d)(3).)  At the time Prince filed his petition in 2021 under former section 1170.95, the statute allowed "'[t]he

8

prosecutor and the petitioner [to] rely on the record of conviction'" at the evidentiary hearing.  (Former § 1170.95, subd. (d)(3); see also *People v. Clements* (2022) 75 Cal.App.5th 276, 292.)  The Supreme Court interpreted the "record of conviction" to include a prior appellate opinion in the petitioner's case but cautioned that at the prima facie stage, "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972, quoting *People v. Drayton* (2020) 47 Cal.App.5th 965, 980.)

In Senate Bill No. 775, effective January 1, 2022, the Legislature narrowed the evidence that may be considered in section 1172.6 evidentiary hearings, amending the statute to provide that the resentencing court "may also consider the procedural history of the case recited in any prior appellate opinion." (Stats. 2021, ch. 551, § 2.)  Several courts have interpreted this amendment to mean superior courts cannot consider the factual recitation in an appellate opinion as evidence at an evidentiary hearing.  (See *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9 ["Senate Bill 775 prevents a trial court from relying on facts recited in an appellate opinion to rule on a petition under section 1170.95."]; *People v. Clements*, *supra,* 75 Cal.App.5th at p. 292 [observing the "specificity" of Senate Bill No. 775 "indicates the Legislature has decided trial judges should not rely on the factual summaries contained in prior appellate decisions"].)  Some courts have extended this reasoning to hold the facts from an appellate opinion may not be considered "at the prima facie stage." (See, e.g., *People v. Flores* (2022) 76 Cal.App.5th 974, 988 [reasoning that if the factual summary in an appellate opinion "may not be considered at an evidentiary

9

hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage"]; accord, *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113.)

C.   *The Superior Court Did Not Err by Denying the Petition at the Prima Facie Stage Based on the Record Presented*

As noted above, Prince argues the superior court improperly relied on facts from a prior appellate opinion under the amended provisions of section 1172.6.  The People contend Prince forfeited this argument because his appointed counsel did not object in the superior court to the use of facts from the prior appellate opinion.

Prince concedes his counsel failed to object to the use of facts from the previous appellate opinion.  In the superior court, Prince's counsel acquiesced in the use of the appellate opinion and expressly stated she was "submitting on the People's response and the Court of Appeal decision."  Further, Prince's counsel submitted no evidence or argument in support of the petition.

Prince's objection to the superior court's use of the facts in our appellate opinion was forfeited (when his counsel failed to object to the People's inclusion of the appellate opinion) if not waived (when she expressly agreed to submit on the People's record, including the opinion).[6]  In either case, "a reviewing court

---

[6]    "[T]he loss of a right based on failure to timely assert it is 'forfeiture,'" while "waiver is the '"intentional relinquishment or abandonment of a known right."'"  (*In re S.B., supra,* 32 Cal.4th

10

ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) "'The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected.'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 881.)

In *People v. Vance* (2023) 94 Cal.App.5th 706, the court recently decided "when an appellate opinion is admitted at an evidentiary hearing under section 1172.6, without objection, it is substantial evidence that the trial court can consider." (*Id.* at p. 714.) Because the petitioner in *Vance* "never claimed that our [prior appellate] opinion misrepresented or omitted any material part of the record[,]" the court affirmed the denial of the petition despite the superior court's consideration of facts from the appellate opinion. (*Ibid.*)

Prince's own authority confirms this approach. Prince cites *People v. Cooper, supra,* 77 Cal.App.5th 393, which holds Senate Bill No. 775's amendment to section 1172.6 "prevents a trial court from relying on facts recited in an appellate opinion to rule on a petition under [former] section 1170.95." (*Id.* at p. 400, fn. 9.) But *Cooper* further noted that, on remand, "the trial court may not rely on the opinion's factual summary without [the petitioner's] acquiescence." (*Ibid.*) It is clear from the record Prince's counsel provided this acquiescence in the superior court.

---

at p. 1293, fn. 2.) Without affirmative evidence Prince's trial counsel intentionally disclaimed an evidentiary objection to the facts from the appellate opinion, we conclude forfeiture most accurately describes counsel's abandonment of this claim.

11

For this reason, we see no error in the superior court's consideration of the facts from our prior appellate opinion.[7]

On the record presented by the parties, including the appellate opinion, the superior court did not err by denying Prince's petition. The facts in the record established as a matter of law Prince was the actual killer of Schumow. At trial, the People's evidence showed Prince and an accomplice robbed the jewelry store together, with Prince holding a gun and his accomplice holding a sledgehammer. The People introduced witness testimony Prince threatened Schumow, then gunfire sounded. Schumow was struck by two bullets and died of his injuries. The evidence also included a confession from Prince: "He [Schumow] rushed me. The gun went off. He grabbed me. He ran up on me." Prince's trial defense counsel did not dispute the People's one-gunman theory. Instead, Prince argued he was not involved in the robbery at all, and another man, Jamal Clark, robbed the store with Simuel, held the gun, and shot Schumow. As noted above, Prince's appeal does not challenge the accuracy or characterization of these facts from our prior appellate opinion. (See *People v. Vance, supra*, 94 Cal.App.5th at p. 714 [affirming denial of petition by noting lack of objection to the accuracy or completeness of the facts in the appellate opinion].)

---

[7] In light of Prince's forfeiture of the argument, we need not decide whether a superior court may rely on facts in an appellate opinion at the prima facie stage. (Compare *People v. Lopez, supra*, 78 Cal.App.5th at pp. 13-14 [superior court may consider "the underlying facts as presented in an appellate opinion" at the prima facie stage], with *People v. Flores, supra,* 76 Cal.App.5th at p. 988 ["the factual summary in an appellate opinion is not evidence that may be considered" at the prima facie stage].)

"As a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer.'" (*People v. Garcia* (2022) 82 Cal.App.5th 956, 973.)  The superior court did not err by denying Prince's petition at the prima facie stage.

D.   *The Constitutional Right to Effective Counsel Attaches at the Section 1172.6 Evidentiary Hearing*

Prince contends his appointed counsel was constitutionally ineffective for not objecting to admission of the facts from the prior appellate opinion.  The People respond that Prince cannot assert a constitutional right to effective assistance of counsel at the prima facie stage of a section 1172.6 proceeding because the right does not attach until the court finds the petition has merit, issues an order to show cause, and proceeds to the evidentiary hearing.

Our Supreme Court has squarely held "there is no federal constitutional right to counsel under subdivision (c) of section 1172.6, and the right to counsel at [the prima facie] point in the proceedings is purely statutory." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 227.)  Without a constitutional right to counsel, "'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings." (See *id.* at p. 226.)  At most, Prince possessed a statutory right to appointed counsel.  (See § 1172.6, subd. (b)(3) [directing appointment of counsel, upon petitioner's request, when a section 1172.6 petition is filed].)  Accordingly, Prince has not demonstrated a right to effective assistance of counsel under the Sixth Amendment or the state constitution.

13

## DISPOSITION

The order denying the petition for resentencing under section 1172.6 is affirmed.


MARTINEZ, J.

We concur:


SEGAL, Acting P. J.


FEUER, J.